NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0787n.06

Case No. 08-4396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 14, 2009**

LEONARD GREEN, Clerk

| | |
|---|---|
| SAHIBIJON URUNBAEV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) BOARD OF IMMIGRATION |
| | ) APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| ———————————————— | ) |

BEFORE:  BATCHELDER, Chief Judge, BOGGS and COOK, Circuit Judges.

**ALICE M. BATCHELDER, Chief Judge.**  Sahibijon Urunbaev, a Muslim native of Uzbekistan, seeks review of the orders of the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") refusing to excuse his untimely filing of the asylum application and denying him withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2006), and the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c)(2) (2009).

Urunbaev entered the United States on February 16, 2001, but did not apply for asylum until at least 2004.  He has conceded his removability, under 8 U.S.C. § 1227(a)(1)(B), for remaining in the country longer than permitted.  Urunbaev contends that he suffered past persecution in Uzbekistan, and that he has a well-founded fear of persecution should he be compelled to return. He concedes that his asylum application was not timely filed, but he argues that the untimeliness

should be excused due to changed circumstances in Uzbekistan.

Urunbaev's arguments were first considered in removal proceedings before an IJ on November 1, 2006. The IJ recounted the evidence presented by Urunbaev, found him credible, and while acknowledging that he had presented some evidence that "relatively distant" relatives and friends remaining in Uzbekistan had been subject to some violence by the government, held that Urunbaev had not shown changed circumstances in Uzbekistan with respect to his own family or himself sufficient to excuse the untimeliness of his asylum filing. The IJ further held that Urunbaev had not demonstrated that he had suffered persecution in the past in Uzbekistan, and had not shown either a well-founded fear that he would be persecuted or a clear likelihood that he would be tortured should he return to that country. The IJ therefore denied Urunbaev's petition for withholding of removal under the INA and the CAT, respectively. *See Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008). The Board of Immigration Appeals summarily affirmed the IJ's findings, adding no substantive comments of its own.

"When the BIA adopts the IJ's reasoning, we review the IJ's decision in order to determine whether there was an abuse of discretion. 'An abuse of discretion can be shown when the IJ or Board offers no rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group.'" *Berri v. Gonzales*, 468 F.3d 390, 395 (6th Cir. 2006) (quoting *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003)). Essentially, this means that "[w]here the BIA adopts the IJ's reasoning, the court reviews the IJ's decision directly to determine whether the decision of the BIA should be upheld on appeal." *Atugah v. Holder*, 321 F. App'x 431, 435 (6th Cir. 2009). We review the IJ's factual findings under the deferential substantial-evidence standard, *Hassan v. Gonzales*, 403 F.3d 429, 434 (6th Cir. 2005),

meaning that "findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Withholding-of-removal determinations are factual findings. *Atugah*, 321 F. App'x at 435. Accordingly, we must uphold the IJ's denials of withholding of removal under the INA and the CAT so long as they are supported by substantial evidence and the record does not compel a finding to the contrary. *Kostic v. Holder*, No. 08-3675, 2009 WL 1941350, at *3 (6th Cir. July 8, 2009).

We do not have jurisdiction to review the IJ's determination that Urunbaev's asylum claim is time-barred. An alien must file his application for asylum within one year of his arrival in the United States, *see* 8 U.S.C. §1158(a)(2)(B), unless he can demonstrate to the satisfaction of the Attorney General "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within [the one-year period]," 8 U.S.C. §1158(a)(2)(D). Although 8 U.S.C. §1158(a)(3), which provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," appears to deprive us of all jurisdiction to review the IJ's finding, we have held that "our review of asylum applications denied for untimeliness [is barred] only when the appeal seeks review of discretionary or factual questions, but not when the appeal seeks review of constitutional claims or matters of statutory construction." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). We have repeatedly held, however, that "[t]he existence of 'changed circumstances' that materially affect eligibility for asylum is a predominantly factual determination, which will invariably turn on the facts of a given case." *Nesterov v. Dep't of Homeland Sec.*, 335 F. App'x 590, 596 (6th Cir. 2009) (quoting *Almuhtaseb*, 453 F.3d at 748). The IJ's decision that

3

Urunbaev's failure to timely file his petition was not excused by changed country circumstances is a factual determination, and therefore beyond our review. *See Fang Huang*, 523 F.3d at 650-51.

We do have jurisdiction to review the IJ's denial of Urunbaev's withholding of removal claims under the INA and the CAT. *Haddad v. Holder*, No. 08-3559, 2009 WL 1391524, at *4 (6th Cir. May 15, 2009). The IJ articulated the applicable standard and recounted the evidence presented by Urunbaev, including his inability to show that he previously had been persecuted or tortured, or that his wife and children — who had stayed in Uzbekistan — had ever experienced persecution or torture. Because he had not made that showing, in order to merit withholding of removal Urunbaev had to demonstrate the clear probability that he would suffer such treatment in the future were he to return to Uzbekistan. *See Fang Huang*, 523 F.3d at 651. The IJ concluded that he had not met the clear probability standard, particularly in light of the complete absence of problems experienced by his immediate family either before, or since, his departure from Uzbekistan. We cannot say that the evidence in this record compels a conclusion contrary to that reached by the IJ and affirmed by the BIA, or that any circumstances suggest that the BIA abused its discretion in affirming the IJ's determinations.

For the foregoing reasons, we dismiss the petition to the extent that it seeks review of the IJ's finding, affirmed by the BIA, that Urunbaev's asylum application is time-barred. We deny the petition for review in all other respects.

4